**APPLIED MATERIALS, INC.,**
Plaintiff–Appellant,

v.

**GEMINI RESEARCH CORPORATION,**
Defendant–Appellee.

**87–1145.**

United States Court of Appeals,
Federal Circuit.

Dec. 16, 1987.

As Modified on Grant of Rehearing
March 14, 1988.

Philip P. Berelson, Brown & Bain, Palo Alto, Cal., for plaintiff-appellant. Also on the brief were Milton W. Schlemmer, Flehr, Hohbach, Test, Albritton & Herbert, and Matthew D. Powers, Orrick, Herrington & Sutcliffe, San Francisco, Cal.

Albert J. Hillman, Townsend & Townsend, San Francisco, Cal., for defendant-appellee. With him on the brief were Gary T. Aka and Theodore G. Brown, III.

Before BISSELL, Circuit Judge, BALDWIN, Senior Circuit Judge, and ARCHER, Circuit Judge.

BALDWIN, Senior Circuit Judge.

This is an appeal by plaintiff Applied Materials, Inc. (Applied) from the final

---

**2.** In view of the stay entered herein, if DuPont wishes, the court will entertain a motion to expedite.

judgment of the United States District Court for the Northern District of California granting the motions for summary judgment of defendant Gemini Research Corporation (Gemini). Applied sued Gemini for infringement of four patents related to apparatus and methods of chemical vapor deposition (CVD). Gemini filed four motions for summary judgment challenging the validity of Applied's patents. The district court granted two of these motions invalidating all four patents and entered a final judgment in favor of Gemini. We vacate and remand.

## Background

Applied contends that Gemini has infringed U.S. patent Nos. 3,623,712 ('712 patent), 4,047,496 ('496 patent), 4,081,313 ('313 patent), and 4,496,609 ('609 patent). The four patents in suit all grew out of a single application filed by McNeilly and Benzing on October 15, 1969. The United States Patent and Trademark Office (PTO) required the application be restricted, a requirement that resulted in three applications, each claiming a patentably distinct invention: a radiation heated reactor (issued as the '712 patent), a CVD gas reactant reactor (issued as the '496 patent), and a CVD coating process including both method and apparatus claims (issued as the '609 and '313 patents). Applied elected to prosecute the radiantly heated CVD reactor claims which appear in the '712 patent issued in November 1971.

A divisional application was filed for the CVD gas reactant reactor. After two continuation applications and the execution of a terminal disclaimer, the application for the CVD gas reactant reactor issued in September 1977, as the '496 patent.

A second divisional application was filed for the coating process, followed by a continuation-in-part application which, *inter alia*, included the addition of Locke as an inventor. The examiner issued a second restriction requirement resulting in separate applications for the coating method claims, for which Locke was a joint inventor, and the coating apparatus claims. Applied elected to prosecute the coating apparatus claims.

A divisional application was filed for the coating method claims with McNeilly, Benzing, and Locke as the inventors. After another continuation application and another restriction requirement, the '313 patent issued in March 1978.

A continuation application was filed for the coating apparatus claims. Locke was deleted as an inventor. The examiner rejected these claims as *prima facie* obvious. The United States Patent and Trademark Office Board of Patent Appeals and Interferences and the United States Court of Customs and Patent Appeals (CCPA), *In re McNeilly*, 612 F.2d 585 (C.C.P.A.1979), affirmed the rejections. Finally, after two more continuation applications and the introduction of new evidence to rebut the finding of *prima facie* obviousness, the '609 patent issued in January 1985.

Gemini requested summary judgment on the invalidity of the four patents in suit in four motions on the following grounds, respectively: (1) the '609, '712, and '496 patents are invalid on the theory of collateral estoppel and *res judicata** in view of *In re McNeilly;* (2) the '313 patent is invalid because of anticipation under 35 U.S.C. § 102(e); (3) inequitable conduct on the part of Applied in prosecuting the applications of these patents; and (4) double patenting. The district court granted the first two motions, the third was not decided, and the fourth was withdrawn. Only the two motions that were granted are at issue in this appeal.

## Issues

1. Whether the district court erred in holding invalid, under the doctrine of collateral estoppel, the '609 patent because the CCPA affirmed the rejection of the claims of a parent application and the '712 and '496 patents because these patents claim the apparatus used in the process claimed in the '609 patent.

* Since the prior proceeding was *ex parte,* only the collateral estoppel aspects of the *res judicata* doctrine will be considered. *See Young Engineers, Inc. v. United States International Trade Commission,* 721 F.2d 1305, 1314–15, 219 USPQ 1142, 1150–51 (Fed.Cir.1983).

2. Whether the district court erred in holding the '712 patent as prior art with respect to the '313 patent and the '313 patent to be anticipated by the '712 patent under 35 U.S.C. § 102(e).

### OPINION

*The '609 Patent*

■ The district court determined that the claims of the '609 patent were barred by the collateral estoppel effects of *In re McNeilly.* This conclusion was based on its finding that the new evidence introduced by Applied in its continuation applications did not give rise to any genuine issues of material fact regarding obviousness; therefore, the changes made in the continuation applications were not material as a matter of law. We disagree. The district court erred in not giving proper weight to the patent's presumption of validity. 35 U.S.C. § 282 (1982). The presumption of validity carries with it the assumption that the evidence considered by the PTO when granting the patent was material. In considering a summary judgment motion, since the facts must be construed in a light most favorable to the nonmoving party, *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962), the record must show conclusively that the new evidence was immaterial. In this case, nothing in the record indicates this. Therefore, the holding by the district court that the '609 patent is invalid due to collateral estoppel is vacated.

*The '712 and '496 Patents*

The district court held invalid the '712 and '496 patents on the basis of its determination of invalidity of the '609 patent. In light of our holding on the collateral estoppel effects of *In re McNeilly* on the '609 patent, we also vacate the district court's holding as to the collateral estoppel effects of that decision on the '712 and '496 patents.

*The '313 Patent*

■ The district court found the '712 patent fully anticipated the invention claimed in the '313 patent. This finding was based on its determination that the invention claimed in the '712 patent, attrib-

uted to McNeilly and Benzing, was invented by a different "inventive entity" than that listed in the '313 patent, namely McNeilly, Benzing, and Locke. However, the fact that an application has named a different inventive entity than a patent does not necessarily make that patent prior art. As this court held in *In re Kaplan,* 789 F.2d 1574, 229 USPQ 678 (Fed Cir. 1986):

> When the joint and sole inventions are related, as they are here, inventor A commonly discloses the invention of A & B in the course of describing his sole invention and when he so describes the *invention* of A & B he is not disclosing "prior art" to the A & B invention, even if he has legal status as "another" [35 U.S.C. § 102(e)].

*Id.* at 1576, 229 USPQ at 680, *quoting, In re Land,* 368 F.2d 866, 879, 151 USPQ 621, 633 (CCPA 1966) (emphasis in original). Even though an application and a patent have been conceived by different inventive entities, if they share one or more persons as joint inventors, the 35 U.S.C. § 102(e) exclusion for a patent granted to "another" is not necessarily satisfied.

■ In this case the applications which matured into the '712 and '313 patents all grew from the same original application. Accordingly, if the invention claimed in the '313 patent is fully disclosed in the '712 patent, this invention had to be invented before the filing date of the '712 patent and the latter cannot be 102(e) prior art to the '313 patent. *See Land,* 368 F.2d at 879, 151 USPQ at 633 ("When the 102(e) reference patentee ['712] ... had knowledge of the joint applicants' invention ['313] by being one of them, and *thereafter* describes it, he necessarily files the application ['712] *after* the ['313] applicant's invention date ....") (emphasis in original). Thus, the district court erred because its invalidity decision was based on the incorrect premise that the '712 patent was 102(e) prior art against the '313 patent.

*Conclusion*

The judgment entered by the district court invalidating the four patents is *vacated* and the case is *remanded.*

### VACATED AND REMANDED